UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                          20-cr-301 (PKC)

      -against-                                                            ORDER

ANDRES BELLO,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

      Defendant Andres Bello moves for a sentence reduction to a non-incarceratory sentence for extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A)(i). For reasons to be explained, the motion will be denied.

      Bello entered a plea of guilty to Count 2 of the Indictment, which charged that on April 18, 2020, he aided and abetted another in the shooting of Jorge Miguel Cabrera in the course of an attempted narcotics transaction in the vicinity of East 175th Street in the Bronx. Cabrera died from his gunshot wound.

      Bello's offense conduct is described in his Final Presentence Investigation Report ("PSR"). (ECF 292.) In the early-morning hours of April 18, 2020, Bello and certain of his co-defendants attempted to purchase one kilogram of cocaine for $33,000 from a group of sellers that included Jorge Miguel Cabrera. (PSR ¶¶ 18-19.) However, the sellers had arranged to provide the purchasing group with "sham drugs" instead cocaine. (PSR ¶ 22.) About a minute after the money changed hands, the sellers of the sham drugs, including Cabrera, attempted to

speed away in their vehicles. (PSR ¶¶ 23-24.) Humberto Rodriguez, who is a co-defendant of Bello's, discharged a firearm at the fleeing vehicles before driving away. (PSR ¶¶ 24-25.) Bello told a cooperating witness that he supplied Rodriguez with that firearm. (PSR ¶ 30.) Law enforcement arrived to the scene and observed a crashed vehicle. (PSR ¶ 18.) Cabrera was the driver of that vehicle, and he was critically injured by a bullet that lodged near his spine. (PSR ¶ 18.) On May 14, 2020, Cabrera died from complications arising from the gunshot wound. (PSR ¶ 18.) On May 2, 2020, in Newburgh, New York, a state trooper conducted a traffic stop of a vehicle in which Bello was sitting in the front passenger seat. (PSR ¶ 31.) About 2.5 kilograms of cocaine was recovered in the search. (PSR ¶ 31.) Bello was arrested on May 7, 2020. (PSR ¶ 33.)

Bello's sentencing hearing took place on November 16, 2022. (ECF 313.) The PSR classified Bello as a career offender, placed him in criminal history category VI and calculated an advisory Guidelines range of 324 to 405 months. (PSR ¶¶ 67, 121.) The government explained on the record that it had re-reviewed the facts concerning Bello's career offender status and upon further consideration concluded that Bello fell within Criminal History Category III, placing him within a Guidelines range of 235 to 293 months. (Sentencing Tr. at 3-7.) Without objection from the defense, the Court adopted a Guidelines range of 235 to 293 months. (Id. at 7.) The Court announced its proposed statement of reasons and proposed a below-Guidelines sentence of principally 212 months' imprisonment. (Id. at 28-32.) Neither Bello nor the government objected to the proposed sentence and the Court imposed sentence.

Bello's section 3582(c)(1)(A)(i) motion asserts that a child of his has been taken from the child's mother's custody and that he seeks a reduction to a non-incarceratory sentence so that he may care for the child. There is no reference in the motion to his having exhausted the

available remedy of applying for release to the warden of the facility where he is incarcerated and either the application is thereafter denied by the warden or no action is taken by the warden within thirty days.  18 U.S. C. § 3582(c)(1)(A).   Because Bello has not exhausted his remedy, his motion will be denied.  The Court acknowledges that exhaustion under section 3582(c) is not jurisdictional.  United States v. Saladino, 7 F.4th 120, 121 (2d Cir. 2021).  The Court prudentially states that had Bello timely exhausted his remedy, the Court would not grant the motion.

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'"  United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (citation and internal quotation marks omitted).  "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for sentence reduction.  United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

A Policy Statement issued by the United States Sentencing Commission effective November 1, 2023 presents helpful guidance to a Court considering a motion to reduce a sentence for extraordinary and compelling reasons.  U.S.S.G. § 1B1.13 (amended eff. Nov 1, 2023).  The Guidelines address in some detail considerations relating to the "Medical Circumstances of the Defendant," "Age of the Defendant," "Family Circumstances of the Defendant," "Victim of Abuse," "Unusually Long Sentence" and "Other Reasons."  As pertinent

to this motion, "Family Circumstances" that are potentially extraordinary and compelling include "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." Application Note 1(C)(ii).

Bello describes the grounds for a sentence reduction as follows: "On or about November 15, 2023, Defendant's twelve-year old daughter . . . was removed from the custody of her birth mother, by child protective services, based on confirmed reports of physical abuse at the hands of her birth mother – the result of the child's sexual orientation.  The birth mother was subsequently taken into custody for the abuse, leaving the child unable to be placed inasmuch as Defendant is also in-custody." (ECF 352.)  The Court assumes for these purposes that the mother was the caregiver of a minor child of Bello's and that her initial arrest amounted to incapacitation.

The burden of establishing the existence of an extraordinary and compelling reason rests on Bello.  His motion is dated two days after the arrest of the birth mother and there is no indication whether, since then, the mother has been released from custody and regained custody of the minor child.  No update of any kind has not been provided.  The PSR noted that Bello was in a romantic relationship with Individual-1 and hoped to resume living with her upon release.  (PSR ¶ 89, 92.)  He has a son by an Individual-2 and a daughter, presumably the child noted in his motion, by Individual-3.  (PSR ¶ 91.)  There is no indication of whether there are other appropriate caregivers or whether, given the seriousness of the charges to which defendant has been convicted and the restrictions of home confinement or home incarceration, he would likely gain custody.  Mindful of Application Note 1(C)(ii), and considering the entirety of defendant's motion, the Court concludes that defendant has not established an extraordinary and compelling reason of a sentence reduction.

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." Jones, 17 F.4th at 374.  Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

As to the section 3553(a) factors, the Court reviewed the nature and circumstances of the offense at the outset of this Order.  Bello facilitated the death of a drug trafficker who had ripped off Bello's co-conspirators.  Measured from the date of his first detention, May 7, 2020, to the date of his projected release, January 24, 2035, his effective term of imprisonment is 176 months, of which he has served about 28%.  A term of imprisonment of about 50 months is not sufficient to promote respect for law for a crime of this nature or serve the interests of general or specific deterrence.

In this case, the section 3553(a) factors counsel against a sentence reduction of his original sentence that was below the advisory Guidelines range.

The motion is DENIED.  The Clerk is requested to terminate the motion.  (ECF 352.)

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 17, 2024

COPY MAILED TO: Andres Gabriel Bello, Reg. No. 87992-054, FCI Ray Brook, Federal Correctional Institution, P.O. Box 900, Ray Brook, NY  12977